UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

AARON CARTER,
                       Defendant.

18 Cr. 390 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

       The Court has reviewed the renewed application for compassionate release filed on behalf of defendant Aaron Carter, Dkt. 519 ("Def. Mem."), and the Government's letter in opposition, Dkt. 522 ("Opp'n"). These letters report the dramatic spread of COVID-19 at federal correctional institution ("FCI") Fort Dix since July 11, 2020, when the Court denied Mr. Carter's original application. See Dkt. 465 ("Order").

       The Government argues at the threshold that Carter's motion should be denied because he has failed to exhaust his administrative remedies. Opp'n at 5–13. But, as in the Court's previous Order, it is unnecessary to decide whether Carter properly exhausted his administrative remedies because the Court concludes, on the merits, that for the same reasons substantially set forth in the Court's prior Order, a reduction of Carter's sentence is not supported by the "factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A).

       Carter has now served only approximately 30 months of the 84-month sentence imposed. In the Court's Order five months ago denying Carter's motion for compassionate release, the Court found that release at that early point was "highly inconsistent with the § 3553(a) factors—in particular, 'the need for the sentence imposed to reflect the seriousness of the offense, to

promote respect for the law, . . . to provide just punishment for the offense, . . . [and] to afford adequate deterrence to criminal conduct.'" Order at 5 (quoting 18 U.S.C. § 3553(a)). The overriding reason for the denial of Carter's compassionate release—that he had served only a modest portion of the term of imprisonment that the Court determined was warranted under the 18 U.S.C. § 3553(a) factors, viewed in totality—remains persuasive today. The Court does not believe that a sentence, effectively, of 30 months' imprisonment would fairly take account of the § 3553(a) factors, even considering the heightened rigors that Carter's custody has proven and continues to entail. The Court accordingly denies Carter's renewed application for compassionate release.

The Court, however, agrees with the defense that the unexpected hardship presented by the COVID-19 pandemic, and the particularly severe conditions it has occasioned at FCI Fort Dix and for Carter, would make a sentence below the one imposed compatible with the § 3553(a) factors—just not so far below that sentence as release today would entail. Accordingly, the Court's denial of Carter's application is, again, without prejudice to his right to bring a renewed such application later in his prison term.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 519.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: December 14, 2020
    New York, New York